## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

TONY SCROGGINS                                                    PLAINTIFF


VS.                         NO. 4:10CV01121 JTR


WAYNE MCGEE, individually and in his
official capacity as the Mayor of Lonoke, and
the CITY OF LONOKE                                               DEFENDANTS


## MEMORANDUM ORDER

### I.  Introduction

Defendants Wayne McGee and the City of Lonoke have filed a Motion to
Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket
entry #29). They argue that: (1) Plaintiff Tony Scroggins's § 1983 claims are barred
by the applicable statute of limitations; and (2) the Court should decline to exercise
supplemental jurisdiction over his remaining state law claims.  Before addressing the
merits of this Motion, it is important to understand the procedural history of this case,
including the state court lawsuit that preceded it.

### A.      State Court Litigation

On March 12, 2007, Scroggins filed a complaint, in Lonoke County Circuit

Court, alleging that Defendants[1] unlawfully terminated his employment "in January of 2007." (Docket entry #29-1). His complaint alleged only two claims against Defendants: (1) "COUNT I," a violation of the Arkansas Whistleblower's Act, Ark. Code Ann. § 21-1-601 et seq.; and (2) "COUNT II," failure to pay "last wages" in violation of Ark. Code Ann. § 11-4-405. (Docket entry #29-1 at ¶ 2 and ¶¶29 through 34).

The parties then proceeded to conduct all of their discovery in the state court action, with document production and depositions occurring between 2007 through 2009. *See* docket entry #15-1 (various depositions and exhibits attached to Plaintiff's Statement of Disputed Facts).

Over three years later, on June 3, 2010, Scroggins filed an amended complaint. The only new factual allegations in the amended complaint were contained in paragraphs 21 and 22:

> 21.    Defendants were motivated by Plaintiff's report of a violation of city rules in terminating him that also constituted speech on a matter of public concern.

> 22.    Alternatively, Defendant McGee made Scroggins keeping his public job contingent upon political support of McGee for Mayor.

---

[1]Scroggins named as defendants "WAYNE MCGEE, individually and in his official capacity as the Mayor of Lonoke, and the CITY OF LONOKE." These are the same Defendants named in this action.

(Docket entry #29-2 at ¶¶21 and 22). The amended complaint added two new state law claims: "COUNT III — ACRA" (docket entry #29-2 at ¶¶37-40) and "COUNT IV — FELONY TORT" (docket entry #29-2 at ¶¶41 through 44).

The heading of "COUNT III — ACRA" makes it clear that Scroggins is alleging a violation of the Arkansas Constitution under the *Arkansas Civil Rights Act*. The allegations in Count III make no reference to any federal constitutional provision, federal right, or federal statute. Thus, the "ACRA" heading can only be construed to mean that his "free speech" and "political affiliation" claims are based solely on the Arkansas Constitution. *See* Ark. Code Ann. § 16-123-105(a) ("Every person who, under color of any [law] . . . of this state . . . causes to be subjected, any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Arkansas Constitution shall be liable to the party injured").

On July 3, 2010, only one month after filing the amended complaint in state court, Scroggins filed a motion requesting a voluntary dismissal. (Docket entry #29-3). On July 13, 2010, the Lonoke County Circuit Court entered an order dismissing the state court action, without prejudice. (Docket entry #29-4).

**B.     Federal Litigation**

On August 6, 2010, three weeks after voluntarily dismissing the state court action, Scroggins filed his Complaint initiating this action. (Docket entry #1). To

support federal subject-matter jurisdiction, Scroggins added a § 1983 claim to the claims previously asserted in the state court action:

> 2.    Defendants terminated Plaintiff in violation of his rights, and accordingly this action is brought for violation of the Arkansas Whistleblowers Act (Ark. Code § 21-1-601, et seq.), <u>42 USC 1983</u>, and the Arkansas Civil Rights Act, and for failure to pay last wages in violation of Ark. Code § 11-4-405. Consequently, this Court has subject matter jurisdiction <u>under 28 USC 1331</u>[.]

(Docket entry #1 at ¶2) (emphasis added).

The factual allegations supporting the claims in Scroggins's federal Complaint are *identical* to the allegations supporting the claims in the state court amended complaint. *Compare* docket entry #1 ¶¶4 through 30 *with* docket entry #29-2 ¶¶4 through 30. The only substantive change appears in "COUNT III," and is emphasized below:

## COUNT III — ACRA

> 37.    Plaintiff realleges the foregoing paragraphs, as though fully stated herein.

> 38.    Defendant has wrongfully discharged Plaintiff by terminating him for speech on a matter of public concern and by terminating him based on political affiliation <u>in violation of the Arkansas and Federal Constitution, as allowed by 42 U.S.C. 1983</u>.

> 39.    As a direct and proximate cause of Defendants' act or omissions as alleged herein, Plaintiff has suffered mental, physical, and emotional injury, lost wages, lost fringe benefits, lost earning capacity, and has incurred expenses that would not otherwise have been incurred.

40.     Plaintiff seeks punitive damages.

(Docket entry #1 at ¶¶37 through 40) (emphasis added).

This case is scheduled for a jury trial on September 27, 2011.  On August 25, 2011, Defendants filed the pending Rule 12(b)(6) Motion to Dismiss (docket entry #29) and Brief in Support (docket entry #30). In these motion papers, Defendants argue that the applicable three-year statute of limitations bars Scroggins's ACRA claims and his § 1983 claims. They also argue that the Court should decline to exercise supplemental jurisdiction over Scroggins's remaining state law claims, or, alternatively, "transfer" those claims to the Lonoke County Circuit Court.[2]

In Scroggins's Response (docket entry #35) and Brief in Support (docket entry #36), he argues that the Court should deny Defendants' Motion to Dismiss because: (1) "the [Arkansas] savings statute applies;" (2) "the filing of the lawsuit tolled the Statute;" and (3) "this is a classic case of relation back."   (Docket entry #36 at 1). Alternatively, Scroggins contends that: (1) even if the Court dismisses his § 1983 claims, it should exercise supplemental jurisdiction over the remaining state law claims; and (2)  Defendants are "barred by laches" from asserting their statute of limitations argument.  (Docket entry #36 at 2).

_____

[2]Of course, the Court lacks authority to transfer or remand the state law claims because this action was *not* removed from state court.

For the reasons discussed below, the Court: (1) concludes that the applicable three-year statute of limitations bars Scroggins's federal constitutional claims under 42 U.S.C. § 1983; and (2) declines to exercise supplemental jurisdiction over his remaining state law claims. Thus, Defendants' Motion to Dismiss will be granted.

## II. Discussion

### A.    "Untimeliness" Of Defendants' Motion To Dismiss

According to Scroggins, the Court should use the equitable doctrine of laches to bar Defendants from raising their statute of limitations defense in a Motion to Dismiss filed this late in the proceedings. Certainly, it is difficult to understand why defense counsel waited until fifty-five days *after* the expiration of the dispositive motions deadline established in the January 18, 2011 Scheduling Order and only thirty days before trial to file a dispositive motion raising the statute of limitations issue; especially after Defendants properly raised and preserved the "statute of limitations" as one of their affirmative defenses in their Answer.[3] (Docket entry #2 at ¶30). Apparently, defense counsel awoke to discover the statute of limitations argument only *after* he had filed a Motion for Summary Judgment (docket entry #11) on February 7, 2011, which raised a number of meritless arguments all of which were

---

[3]Defense counsel now concedes that the "Motion [to Dismiss] should have been filed early on in this case[.]" (Docket entry #31 at ¶2).

later rejected by the Court.  (Docket entry #17).

But for controlling legal authority to the contrary, it would be hard to resist denying Defendants' Motion to Dismiss based solely on the dilatory conduct of their lawyer. As indicated earlier, Defendants unquestionably raised the statute of limitations as an affirmative defense in their Answer.[4] Even if the Court denied Defendants' Motion, based on defense counsel's failure to comply with the January 18, 2011 Scheduling Order, Defendants still would have the right to raise their statute of limitations defense at trial in a Rule 50 Motion for Judgment as a Matter of Law.[5] *See Long v. Howard University*, 550 F.3d 21, 24-25 (D.C. Cir. 2008) (defendant who asserts a statute of limitations defense in its answer may raise the defense at trial); *Pessotti v. Eagle Mfg. Co.*, 774 F. Supp. 669, 677 (D. Mass. 1990) ("there is no valid

---

[4]In paragraph 30 of their Answer, Defendants plead the following affirmative defense: "Defendants plead all affirmative defenses which may be applicable to this claim pursuant to Ark.R.Civ.P. Rule 8(c), including, but not limited to, comparative fault, estoppel, laches, statute of limitations, and waiver." (Docket entry #2 at ¶30).

[5]In urging the Court to deny Defendants' Motion to Dismiss, Plaintiff's counsel should be mindful of the Chinese proverb that "you should be careful what you wish for, least you get it." If the Court denied Defendants' Motion to Dismiss on the ground it was filed too late, it would certainly be required to grant Defendants' Motion for Judgment as a Matter of Law because, as explained below, the statute of limitations clearly bars Plaintiff's § 1983 claims. *Tactically*, this would place Plaintiff in a very difficult position, since the jury would know the Court had dismissed those claims, something that would certainly work to Plaintiff's detriment as the jury considered the merits of his remaining state law claims.

7

reason why any issue that may properly be raised on summary judgment (including a pure issue of law) may not also be raised on a motion for directed verdict"). Finally, because the statute of limitations issue is purely a question of law, judicial economy strongly favors the resolution of that issue prior to trial.[6] Thus, the Court concludes that, notwithstanding defense counsel's dilatory conduct, it must reach and decide the merits of the statute of limitations issue raised in Defendants' Motion to Dismiss.

---

[6]Defendants' statute of limitations argument is based on the allegations of fact set forth in Scroggins's Complaint. Thus, it can be properly asserted in a Rule 12(b)(6) motion to dismiss. *See Walker v. Barrett*, ___ F.3d ___, 2011 WL 3611571 (8th Cir. 2011) ("as a general rule the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense") (internal quotations omitted).

While Defendants' Rule 12(b)(6) Motion does *not* comply with the general timing requirement that a Rule 12(b)(6) motion *precede* a responsive pleading, it does not constitute a basis for the Court to deny the Motion:

> A strict interpretation of the timing provisions's language leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading  is interposed as being too late. However, federal courts have allowed untimely motions if the defense has been previously included in the answer. In this context, the motion becomes tantamount to a preliminary hearing under Rule [12(i)]. Moreover, under Rule 12(h) the defenses of lack of subject matter jurisdiction, Rule 12(b)(1), failure to state a claim upon which relief can br granted, Rule 12(b)(6) . . . are preserved from the waiver mechanism by the express terms of subdivision (h). Thus, motions raising any of these matters may be considered by the court even when interposed after the responsive pleading has been filed, although technically they are no longer Rule 12(b) Motions.

5 WRIGHT & MILLER, *Federal Practice and Procedure* § 1361 (Civil 3d ed. 2004).

### B.   Plaintiff's § 1983 Claims Are Time Barred

The only basis for federal subject-matter jurisdiction in this case arises from the allegation in Scroggins's Complaint that Defendants "wrongfully discharged. . . him for speech on a matter of public concern and . . . based on political affiliation in violation of the . . . Federal Constitution, as allowed by 42 USC 1983."[7] (Docket entry #1 at ¶38).  That claim accrued "in January of 2007," the month and year in which Scroggins alleges he was unlawfully terminated.  (Docket entry #1 at ¶17).

Because § 1983 does not contain a statute of limitations, the limitations period for such an action is "borrowed" from the personal injury statute of limitations of the state where the § 1983 claim arose.  *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).  Arkansas's statute of limitations for personal injury actions is three years.  *See* Ark. Code Ann. § 16-56-105(3).

Words have meanings, and lawyers should choose them carefully in stating the causes of actions set forth in a complaint or amended complaint. In Scroggins's original state court complaint, filed on March 12, 2007, he only asserted two causes of action against Defendants: (1) a violation fo the Arkansas Whistle Blower's Act; and (2) a violation of Ark. Code Ann. § 11-4-405, based on Defendants' alleged

---

[7]Those federal claims are pleaded under "COUNT III – ACRA," and are jumbled together with other allegations of violations of the ACRA. (Docket entry #1 at ¶¶ 37-39).

9

failure to pay Scroggins's "last wages." (Docket entry #29-1 at ¶¶29-34).

Over three years later, on June 3, 2010, Scroggins filed an amended complaint in the state court action, which alleges two new state law claims arising from Defendants' decision to terminate his employment: (1) a violation of the ACRA; and (2) a violation of the Arkansas "crime victims civil liability statute," Ark. Code Ann. § 16-118-107, based on Defendants' conditioning Scroggins's continued employment on his political support of Defendant McGee in his race for Mayor of Lonoke.[8] (Docket entry #29-2 at ¶¶37-44).

Count III of the amended complaint is explicitly headed "ACRA." The only substantive allegations in Count III are contained in ¶38 which alleges that: "Defendant has wrongfully discharged Plaintiff by terminating him for speech on a matter of public concern and by terminating him based on political affiliation." (Docket entry #29-2 at ¶38). Count III makes *no mention* of the United States Constitution, § 1983, or any other federal statute. However, the heading itself makes it clear that the *only asserted cause of action* in ¶38 is for Defendants' alleged

---

[8]"Count IV" of the amended complaint does not reference the Arkansas "crime victims civil liability statute" or cite to Ark. Code Ann. § 16-118-107. Scroggins simply labels the claim as a "felony tort." Scroggins first explicated the legal theory behind his "felony tort" count in his Response to Defendants' Motion for Summary Judgment. (Docket entry #16 at 8).

violation of the ACRA.[9]

Of course, the allegations in ¶38 of the amended complaint also would have supported a cause of action under § 1983 and the First Amendment, something Scroggins's counsel knew or should have known. This raises an obvious question: Why did Scroggins elect not to assert a cause of action under § 1983 when he filed the amended complaint in Lonoke County Circuit Court. Perhaps, it was because it would have allowed Defendants the right to remove the case to federal court. Perhaps, it was because the statute of limitations had already expired on that claim. Perhaps, it was simply an oversight. Regardless of the reason, however, one thing is crystal clear: Scroggins's amended complaint *does not* assert a cause of action under § 1983 or any other federal statute.[10]

---

[9]Scroggins concedes as much in his Brief in Support of Response to Motion to Dismiss:  *"The State Court Complaint stated facts actionable under federal law, although no federal claim was asserted."* (Docket entry #36 at 1) (Emphasis added).

Scroggins *could have* pleaded his § 1983 claims in the state court action. State courts have concurrent jurisdiction to adjudicate federal claims under § 1983. *See Maine v. Thiboutot*, 448 U.S. 1, 11 (1980) ("§ 1983 actions may be brought in state courts."); *Newton v. Etoch*, 332 Ark. 325, 334, 965 S.W.2d 96, 100 (1998) ("§ 1983 establishes a federal cause of action to be enforced in either federal or state courts").

[10]By explicitly stating his Count III "speech" and "political affiliation" claims under the heading "ACRA," there is no doubt that they were solely brought under *state law for violations of the Arkansas Constitution*. *See* Ark. Code Ann. § 16-123-105(a); ARK. CONST Art. 2, Sec. 4 and 6. The Arkansas Supreme Court has emphasized the distinct state law nature of free speech claims brought under the Arkansas Constitution as violations of the ACRA. *See Walters v. Dobbins*, 2010 Ark.

The Arkansas savings statute, Ark. Code Ann. § 16-56-126, provides in sub-part (a)(1) that: "If any action is commenced within the time respectively prescribed in this act . . . or any other act , and the plaintiff therein suffers a nonsuit . . . the plaintiff may commence a new action within one (1) year after the nonsuit suffered . . . ." The Arkansas Supreme Court and the Eighth Circuit Court of Appeals have made it clear that, under this statute, only the causes of action actually asserted in the pleadings are "saved" and may be brought in a subsequent action filed within one year of the nonsuit.

The Arkansas Supreme Court has explained that the "dismissal of a cause of action without prejudice permits the bringing of a subsequent action *for the same cause*." *Oliver v. Miller*, 239 Ark. 1043, 1044, 396 S.W.2d 288, 289 (1965) (emphasis added). The Eighth Circuit has noted that the Arkansas savings statute "allows a party to file a new complaint within one year of a nonsuit as long as the cause of action is the same in substance as the original complaint at the time the latter

---

260, 2010 WL 2131869 (2010) (declining to reach the merits of the appellants' free speech ACRA claims on appeal because the only cases they cited were federal cases interpreting the First Amendment of the United States Constitution — "[appellants] have failed to present this court with any convincing argument regarding when, whether, or why we should apply the federal decisions cited when deciding whether there has been a violation of one's rights under our state constitution for purposes of our Civil Rights Act"). Thus, a claim asserted under ACRA is separate and distinct from a claim brought under § 1983.

was nonsuited." *Dillaha v. Yamaha Motor Corp.*, 23 F.3d 1376, 1377 (8th Cir. 1994) (internal quotations and alterations omitted) (*quoting Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir.1989)).

In *Dillaha*, the plaintiff filed an Arkansas state court action pleading personal injury claims against the defendant for "negligen[ce] in the design and manufacture" of a go-kart. He non-suited the state court action, and later filed a federal complaint "alleging causes of action for negligent design, negligent manufacture, failure to warn, strict liability, and breach of warranty." On appeal, the parties agreed that the breach of warranty, failure to warn, and strict liability causes of action would be time-barred unless they were saved by Ark. Code Ann. § 16-56-126. The Court held that, because those claims were "distinct causes of action, requiring different elements of proof" from the negligent design and negligent manufacturing claims pleaded in the state court complaint, they "were time-barred because they were not pleaded in the state complaint and, therefore, were not tolled by the savings statute." *Dillaha*, 23 F.3d at 1378. *See also Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("Only causes of action pleaded in the non-suited action are tolled by the [Arkansas] one-year savings statute" — dismissing individual capacity § 1983 claims against the defendants as time-barred and "unsaved" by Ark. Code Ann. § 16-56-126 because the earlier complaint which had been non-suited asserted only official capacity § 1983 claims

against the same defendants) (*citing Dillaha, supra*).

On August 6, 2010, Scroggins asserted his § 1983 claims for the first time in his Complaint initiating this action. Because his § 1983 claims accrued in January of 2007, he was attempting to assert those claims eight months after the expiration of the three-year statute of limitations.[11] Thus, absent tolling, his § 1983 claims were time barred at the time he initiated this federal action.

First, Scroggins contends that his § 1983 claims are not time barred because "the savings statute applies." (Docket entry #36 at 1). As previously explained, because Scroggins failed to assert a cause of action under § 1983 in the state court action, there is no such claim to be "saved" pursuant to that statute. *See Dillaha, supra; Baker, supra*. Thus, Scroggins's reliance on the savings statute is misplaced.

Next, Scroggins argues that: "The filing of the lawsuit tolled the Statute. The actual commencement of a suit is sufficient to stop running the of the Statute of Limitations without any regard to, or dependence upon, any after diligence of the plaintiff in its prosecution." (Docket entry #36 at 1). Of course, this expansive statement, which is not supported by any citation of legal authority, does not

---

[11]In his Complaint, Scroggins alleges he was unlawfully terminated "in January of 2007." (Docket entry #1 at ¶17). In his deposition, he testified that he was fired on January 10 or 11, 2007. (Docket entry #15-1 at 18). The precise day he was fired in January of 2007 is inconsequential to resolving Defendants' Motion to Dismiss.

substantively address the real issue: Does the mere act of filing a lawsuit toll the statute of limitations on claims that are not mentioned, much less asserted, in the pleadings?[12]

In essence, Scroggins suggests that filing a state court action asserting only state law claims tolls all statutes of limitations applicable to *any unpleaded claims* arising from the allegations supporting the state law claims.   This argument is legally unsupportable, contrary to the language in the Arkansas savings statute, which repeatedly refers to saving "actions" and "causes," and contrary to the Arkansas Supreme Court and Eighth Circuit cases construing the savings statute. *See Oliver, supra; Dillaha, supra; Baker, supra.*

Finally, Scroggins contends that his § 1983 claims "relate back" to the state court action:

> Arkansas is a fact pleading state. The State Court Complaint stated facts actionable under federal law, although no federal claim was asserted.

---

[12]The only cases Scroggins cites to support his argument stand for the unremarkable proposition that the commencement of an action, rather than the prosecution of the action to disposition, serves to toll that action's limitations period. *See King & Houston v. State Bank*, 13 Ark. 269, 1853 WL 492 (1853) (holding that a bank that timely commenced a lawsuit on a promissory note did not have to bring the defendant "into court" prior to the expiration of the limitations period); *General American Life Ins. Co. v. Cox*, 215 Ark. 860, 223 S.W.2d 775 (1949) (ten-year statute of limitations for issuance of a "writ of scire facias to revive a judgment" applied only to the date of issuance of the writ and not the date that the "revivor judgment" was actually obtained).

Thus, this is a classic case of relation back.

(Docket entry #36 at 1).

While Scroggins makes no attempt to develop this argument, the theory of relation back can only be applied to claims in an a*mended pleading* "relat[ing] back to the date of the original pleading[.]"[13] *See* Fed. R. Civ. P. 15(c)(1). Here, Scroggins is arguing that his § 1983 claims, which he asserted for the first time in his *federal Complaint*, should relate back to allegations contained in *his state court amended complaint*. This argument is contrary to well-established case law holding that relation back principles have no application to the facts in this case. *See Elzea v. Perry*, 340 Ark. 588, 593 n.2, 12 S.W.3d 213, 216 n.2 (2000) (Ark. R. Civ. P. 15(c) "permits the amendment of a pleading to 'relate back' to the date of the original pleading. Its purpose is *not* to permit the relation back of an entirely separate lawsuit to a suit that was properly dismissed and never appealed.") (emphasis in original). *See Rayo v. State*, 882 F. Supp. 37, 40 (N.D.N.Y. 1995) ("The relation back doctrine has application only in instances where an original pleading is amended" and cannot "relate back to prior proceedings which are not part of the action in question.").[14]

---

[13]Rule 15(c) of the Federal Rules of Civil Procedure establishes criteria allowing an amended pleading to "relate back" to an original pleading.

[14]One final point about "relation back" bears mentioning. In their Motion to Dismiss, Defendants argue that Scroggins's state law claims under the Arkansas Civil

## C.     Supplemental Jurisdiction

Having concluded that Scroggins's § 1983 claims should be dismissed, the Court must now decide whether it should exercise supplemental jurisdiction over his remaining purely state law claims.  *See* 28 U.S.C. § 1367(a) ("district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").  "The district court holds broad discretion under 28 U.S.C. § 1367(c)(3) to dismiss related state law claims after federal claims are dismissed."  *Stewart v. Independent School Dist.*, 481 F.3d 1034, 1046 (8th Cir. 2007).

Scroggins contends that the Court should exercise supplemental jurisdiction because: (1) he "has cancer and should not be denied his day in Court;" (2) "the Court has denied summary judgment and is familiar with the case;" and (3) the parties are ready for trial.

After careful consideration, the Court concludes that the factors governing

---

Rights Act were also untimely because they were first plead in the state court amended complaint, filed more than three years after those claims accrued.  According to Defendants, those claims did *not* "relate back" to the claims asserted in the original complaint.  It is unnecessary to decide whether Scroggins's state court amended complaint "related back" to the  complaint, because the Court has elected not to exercise supplemental jurisdiction over those state law claims

whether it should exercise supplemental jurisdiction all weigh against doing so.[15]

First, the Court has had very limited involvement with the case during the

approximately one year it has been pending.[16]  Second, as indicated earlier, all of the

depositions and discovery took place during the more than three years this action was

pending in state court. *See* docket entry #15-1. Third, while the Court is sympathetic

to Scroggins's health problem and his wish to have his day in court, it was he who

---

[15]*Cf. Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Ivy v. Kimbrough*, 115 F.3d 550, 552–53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law.") (internal quotations and citations omitted); *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (stating that the district court should have declined pendant jurisdiction after dismissing the federal claims because of "the necessity to provide great deference and comity to state court forums to decide issues involving state law questions"); *Taylor v. Selig*, 409 Fed. Appx. 986 (8th Cir. 2011) (affirming § 1367(c) dismissal of state law claims following dismissal of § 1983 due process claim for failure to state a claim); *Wolfe-Holmes v. Arkansas State Hospital*, 142 Fed. Appx. 959 (8th Cir. 2005) (affirming § 1367(c) dismissal of state law claims following dismissal of Title VII claims that were time barred); *Cao v. Puerto Rico*, 525 F.3d 112, 116 (1st Cir. 2008) (following dismissal of § 1983 claim as time-barred "the district court was well within its discretion in declining to exercise its supplemental jurisdiction over the remaining state law claims").

[16]The Court has only entered two orders in this case: a Scheduling Order on January 18, 2011; and an Order denying Defendants' Motion for Summary Judgment on June 17, 2011.

chose to voluntarily nonsuit his state court action, after it had been pending in state court *for over three years*, and refile the case in federal court.

Fourth, this case involves several novel issues of state law. For example, Scroggins contends that his termination violated his right to "remonstrate" under the Arkansas Constitution, which provides him with broader protection than that afforded by the First Amendment of the United States Constitution. (Docket entry #16 at 9-10). When he was faced with the *identical legal argument*, in another case in this district, United States District Judge D. P. Marshall Jr. declined supplemental jurisdiction over the Arkansas Civil Rights Act claim, in part because it raised "important and complex legal questions [that] have not been squarely addressed by an Arkansas appellate court." *Roe v. Graham*, E.D. Ark. No. 2:09CV00098 DPM docket entry #32 at 17-19, ¶¶ 34-35.

Similarly, Scroggins's so-called "felony tort" claim is also based on a novel state law theory. He alleges that Defendant McGee solicited his political support and later terminated him for refusing that support. According to Scroggins, this conduct constituted the felony crime of "abuse of public trust" under Ark. Code Ann. § 5-52-101. He further argues that he was a victim of that felony, which gives rise to a cause of action under the Arkansas "crime victims civil liability statute," Ark. Code Ann. § 16-118-107 (creating a civil cause of action for "[a]ny person injured or

19

damaged by reason of conduct of another person that would constitute a felony," and

allowing such a person to "file a civil action to recover damages based on the

conduct"). Scroggins's theory, which effectively seeks to create an individual civil

claim for an alleged felony where the "victims" appear to be the collective citizenry

of Lonoke, would constitute an important and sweeping application of the "crime

victims civil liability statute."

Finally, Scroggins can refile his state law claims in Lonoke County Circuit

Court, where he should be able to get a prompt trial date.[17]   At the time Scroggins

initiated this federal action, only 24 days had run against the one-year Arkansas

savings statute. "The one-year savings statute merely tolls the general statute of

limitations."   *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.* 353 Ark. 701, 120

S.W.3d 525 (2003).   Thus, the tolling provision of 28 U.S.C. § 1367(d) should leave

---

[17]Pursuant to Rule 41(a)(1) of the Arkansas Rules of Civil Procedure, a plaintiff's voluntary dismissal "operates as an adjudication on the merits" when "filed by a plaintiff who has once dismissed in any court[.]" Thus, a plaintiff cannot take two nonsuits and file suit a third time.

However, where plaintiff first takes a nonsuit, and the second dismissal is involuntary and, without prejudice, based on the Court granting a defendant's motion to dismiss, the plaintiff's third suit does *not* run afoul of Rule 41's prohibition, and the savings statute is still applicable. *See Carton v. Missouri Pacific Railroad*, 295 Ark. 126, 747 S.W.2d 93 (1988) ("Since [plaintiff] commenced the present suit in [state court] within one year of the second dismissal without prejudice [on motion of defendant], she is entitled to receive the benefits of § 16-56-126 and continue her lawsuit").

Scroggins with 341 days to refile his state law claims in Lonoke County Circuit Court.[18] *See* 28 U.S.C. § 1367(d) ("[t]he period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

## III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.       Defendants' Motion to Dismiss (docket entry #29) is GRANTED.

2.       Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED, WITH PREJUDICE.

3.       Plaintiff's state law claims are DISMISSED, WITHOUT PREJUDICE.

4.       Defendants' Motion to Continue (docket entry #31) and Motion in Limine (docket entry #32) are DENIED, AS MOOT.

---

[18]On September 9, 2011, the Court held an on-the-record telephone conference with counsel for Plaintiff and Defendants. During that conference, Mr. Ralph Ohm, Defendants' attorney, agreed that the tolling provision of 28 U.S.C. § 1367(d) applied to the one-year Arkansas savings statute, Ark. Code Ann. § 16-56-126. He further agreed that the one-year savings statute would have began to run on July 14, 2010, the day after Plaintiff took a nonsuit on July 13, 2010, and that the one-year savings statute would have been tolled twenty-four days later, on August 6, 2010, when Plaintiff initiated this action in federal court. Finally, Mr. Ohm agreed that, as long as Plaintiff refiles this action in Lonoke County Circuit Court, within 341 days of the date the Court's Order and the accompanying Judgment become *final*, he would not assert as a defense that those state law claims were barred because they were being filed beyond the one-year Arkansas savings statute.

Dated this 12th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE